# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SARGENT MAJORS,** | |
| **PLAINTIFF,** | Civil Action No.: _____ |
| v. | |
| **NEW VITAE, INC. d/b/a MOUNT TREXLER MANOR,** | **JURY TRIAL DEMANDED** |
| **DEFENDANT.** | |

## COMPLAINT AND JURY DEMAND

Plaintiff Sargent Majors, by and through his undersigned attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1. This is an action for an award of damages, attorneys' fees and other relief on behalf of Plaintiff Sargent Majors, a former employee of Defendant New Vitae, Inc. d/b/a Mount Trexler Manor ("MTM" or "Defendant"). Mr. Majors has been harmed by Defendant's harassment and discrimination based on his race, ethnicity and national origin and retaliation for complaining about discrimination and harassment, culminating in his constructive discharge on November 22, 2019.

2. This action is filed pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq. ("Title VII"), the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"), and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA").

## JURISDICTIONAL STATEMENT

3. This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4. The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5. This Court has supplemental jurisdiction over any Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

6. All conditions precedent to the institution of this suit have been fulfilled. On December 19, 2019, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), which was dual-filed as a Complaint with the Pennsylvania Human Relations Commission ("PHRC"). On January 18, 2023, the EEOC issued a Notice of Right to Sue to Plaintiff. This Complaint has been filed within ninety (90) days of Plaintiff's receipt of said Notice. With respect to the PHRA claims herein, it has been more than one year since Plaintiff dual-filed his Charge with the PHRC.

## VENUE

7. This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

8. This action properly lies in the Eastern District of Pennsylvania because the claims and significant activities associated with those claims arose in this judicial district, and Plaintiff was employed by and terminated by Defendant in this judicial district.

## PARTIES

9. Plaintiff Sargent Majors is an adult Native Hawaiian/Pacific Islander male citizen and resident of Coopersburg, Pennsylvania and the United States of America.

10. Defendant New Vitae, Inc. d/b/a Mount Trexler Manor is an assisted living facility located at 5201 St. Joseph's Road, Coopersburg, Pennsylvania 18036, where Plaintiff was employed.

11. At all relevant times, Defendant is and has been an employer employing more than fifty (50) employees.

12. At all relevant times, employees of Defendant acted as agents and servants for Defendant.

13. At all relevant times, employees of Defendant were acting within the scope of their authority and in the course of employment under the direct control of Defendant.

14. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

15. At all relevant times hereto, Plaintiff Sargent Majors was an "employee" of Defendant within the meanings of the laws at issue in this suit and is accordingly entitled to the protection of said laws.

16. At all relevant times hereto, Defendant was an "employer" and/or "person" under the laws at issue in this matter and is accordingly subject to the provisions of said laws.

17. This cause of action arose out of transactions or occurrences that took place in whole or in part in Limeport, Pennsylvania.

18. Defendant does significant business within the Commonwealth of Pennsylvania.

19. This Honorable Court has jurisdiction over Defendant.

## FACTS

20. On or about March 2, 2019, Mr. Majors began his employment with MTM as an Executive Chef.

21. During his employment with MTM, Mr. Majors excelled in his position and performed his duties in an excellent and dedicated manner.

22. Despite his loyalty and consistent performance, Mr. Majors was subjected to discrimination and harassment on the basis of his race, culminating in his constructive discharge on November 22, 2019.

23. After investigation, on June 24, 2022, the United States Equal Employment Opportunity Commission found probable cause to believe that (1) MTM discriminated against Mr. Majors by subjecting him to harassment and increased scrutiny based on race and in retaliation for complaints of discrimination; (2) Mr. Majors was constructively discharged after MTM failed to correct the discrimination and harassment by MTM's Chief Executive Officer Judith Yanecek; (3) that witness testimony verified Mr. Majors' allegations that he was subjected to a hostile work environment based on race; (4) that witness testimony verified that the CEO "constantly assumed" Mr. Majors could do "Hawaiian things"; (5) witness testimony verified that the CEO "attributed alleged shortcoming with [Mr. Majors'] being Hawaiian"; (6) that the CEO referred to Mr. Majors as "that fat Hawaiian chef"; (7) the CEO repeatedly asked Mr. Majors to "make white people food"; and (8) "the evidence shows that [Mr. Majors'] good faith complaints of discrimination went unremedied and he was retaliated against by being offered disparate terms and conditions of employment until he was constructively discharged." *See* EEOC Determination, attached as Exhibit A.

24. Throughout his employment with Defendant, Mr. Majors was subjected to discriminatory comments and treatment on the basis of his race, ethnicity and national origin as a Native Hawaiian/Pacific Islander, particularly at the hands of Judith Yanacek, the Chief Executive Officer ("CEO"), and Diane Romero, his direct supervisor.

25. Ms. Yanacek repeatedly directed Mr. Majors to "make White people food" and criticized him if he chose to make other dishes.

26. Defendant also perpetuated stereotypes about Native Hawaiian/Pacific Islander individuals, including by constantly assuming Mr. Majors could prepare Hawaiian food for Hawaiian themed parties and do "Hawaiian things".

27. Mr. Majors informed Defendant that he did not know how to prepare Hawaiian food, but Defendant nonetheless expected him to know how to cook such food due to his race and national origin.

28. Ms. Yanacek constantly brought up Mr. Majors' race, ethnicity and national origin in their interactions and would use Mr. Majors' race, ethnicity and national origin to denigrate him and create a hostile work environment.

29. Ms. Yanacek attributed alleged shortcomings with Mr. Majors being a Native Hawaiian/Pacific Islander individual and would refer to Mr. Majors as "that fat Hawaiian chef."

30. The discrimination against and harassment of Mr. Majors was so blatant that numerous employees witnessed the poor treatment of Mr. Majors, including Loretta Winslet, Desiree Tarantino, and Sonia Pate.

31. These witnesses, upon information and belief, confirmed Mr. Majors' allegations to the EEOC during the federal investigation conducted, which ultimately concluded that Defendant had engaged in the conduct Mr. Majors alleged.

32. In or about October 2019, Mr. Majors complained about the discriminatory and harassing treatment on the basis of his race, ethnicity and national origin to Samantha Perch, Human Resources Representative.

33. Ms. Perch stated that she would follow up, but that there was not much that she could do as Ms. Yanacek was the CEO.

34. After Mr. Majors complained, the disparate and poor treatment worsened and he was subjected to near immediate retaliation.

35. Specifically, during a meeting with Ms. Perch and Ms. Romero, Mr. Majors was told that he was no longer an hourly employee but a salaried employee and thus would not be paid overtime hours.

36. However, Mr. Majors was informed in his offer letter that he was an hourly employee, and thus believed that he would be paid overtime.

37. Defendant's refusal to pay Mr. Majors overtime resulted in significant financial harm, as Mr. Majors was denied approximately 500 hours of overtime pay.

38. Mr. Majors complained about Defendant's failure to pay him overtime.

39. In response, Ms. Perch and Ms. Romero told Mr. Majors that he should just be happy to have a job.

40. Mr. Majors was also told to begin clocking in and out of work – a directive that had not existed before Mr. Majors complained about discrimination and harassment.

41. Mr. Majors was also subjected to increased scrutiny and criticism after he complained.

42. As a result of the hostile work environment and the escalated discrimination, harassment, and retaliation, Mr. Majors was left with no choice but to resign on November 22, 2019.

43. The above-described facts demonstrate Defendant's discriminatory animus toward Mr. Majors on the basis of his race, ethnicity and national origin, and Defendant's retaliatory animus for Mr. Majors' engaging in protected activity.

44. Specifically: (i) Defendant's knowledge of the severe and pervasive discriminatory and harassing treatment which Mr. Majors had been experiencing on a consistent basis, (ii) the lack of any action by Defendant to correct the discrimination and harassment, and (iii) Defendant's retaliatory actions against Mr. Majors following his protected activity demonstrate that Defendant discriminated against, harassed and retaliated against Mr. Majors.

45. Despite his loyalty, dedication and consistent performance, Defendant discriminated against and harassed Mr. Majors because of his race, ethnicity and national origin, and retaliated against him in violation of Title VII, the PHRA and Section 1981.

46. Mr. Majors has suffered mental anguish and severe emotional distress as a direct and proximate result of the actions and inactions of Defendant.

47. Defendant and its agents acted with the intent of causing or with reckless disregard for the probability that their actions would cause Mr. Majors severe emotional distress.

48. Mr. Majors has suffered financial losses, which include, among other things, lost wages, and an obligation for attorneys' fees and costs of bringing suit, as a direct and proximate result of the actions and inactions of Defendant.

## COUNT I
## Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) et seq.

49. Plaintiff Sargent Majors repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

50. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq.

51. In discriminating against and harassing Mr. Majors because of his race, ethnicity and national origin, and in retaliating against Mr. Majors for his complaints about discrimination and harassment, Defendant violated Title VII.

52. Defendant's violations were intentional and willful.

53. Defendant's violations warrant the imposition of punitive damages.

54. As the direct and proximate result of the aforesaid unlawful employment practices engaged in by Defendant, Plaintiff Sargent Majors has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon.

## COUNT II
## Civil Rights Act of 1866, 42 U.S.C. § 1981

55. Plaintiff Sargent Majors repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

56. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 ("Section 1981").

57. In discriminating against and harassing Mr. Majors on the basis of his race, and in retaliating against Mr. Majors for his complaints about discrimination and harassment, Defendant violated Section 1981.

58. Said violations were intentional and willful.

59. Said violations warrant the imposition of punitive damages.

60. As a direct and proximate result of the unlawful employment practices engaged in by Defendant, Plaintiff Sargent Majors has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon.

## COUNT III
### The Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

61. Plaintiff Sargent Majors repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

62. Based on the foregoing, Defendant engaged in unlawful employment practices in violation of the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

63. In discriminating against and harassing Mr. Majors because of his race, ethnicity and national origin, and in retaliating against Mr. Majors for his complaints about discrimination and harassment, Defendant violated the PHRA.

64. As the direct and proximate result of the aforesaid unlawful employment practices engaged in by Defendant, Plaintiff Sargent Majors has sustained a loss of earnings and earning potential, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon, and has incurred attorneys' fees and costs.

**PRAYER FOR RELIEF**

65. Plaintiff Sargent Majors repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

**WHEREFORE**, Plaintiff Sargent Majors respectfully requests that this Court enter judgment in his favor and against Defendant and Order:

   a. Appropriate equitable relief including reinstatement or front pay;

   b. Defendant to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination and harassment;

   c. Defendant to compensate Plaintiff with the wages and other benefits and emoluments of employment lost because of its unlawful conduct;

   d. Defendant to pay Plaintiff punitive damages;

   e. Defendant to pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

   f. Defendant to pay Plaintiff's costs of bringing this action and his attorneys' fees;

   g. Plaintiff be granted any and all other remedies available pursuant to Title VII, Section 1981, and the PHRA; and

   h. Such other and further relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff hereby demands trial by jury as to all issues so triable.

                                                                  */s/ Christopher A. Macey, Jr.*
                                                                  Christopher A. Macey, Jr., Esquire
                                                                  Bell & Bell LLP
                                                                  One Penn Center
                                                                  1617 JFK Blvd. – Suite 1254
                                                                  Philadelphia, PA 19103

                                                                  *Attorneys for Plaintiff Sargent Majors*

Dated: April 15, 2023