# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

801 Market St.
Suite 1000
Philadelphia, PA  19107
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

Charge Number:  530-2019-05742

Sargeant K. Majors Jr.
1254 Standard Ln
Coopersburg, PA 18036

Charging Party

and

NEW VITAE WELLNESS AND RECOVERY
5201 St Joseph Rd.
Coopersburg, PA 18036

Respondent

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue on behalf of the Commission, the following determination as to the merits of the above cited charge. Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended. All requirements for coverage have been met.

Charging Party alleged that he was discriminated against because of his race (Native Hawaiian/Pacific Islander) by being subject to a hostile work environment by consistently being criticized for "not making White people food," having his race repeatedly brought up during interactions with CEO Judith Yanecek and that he was denied over 500 hours of overtime. When he complained to Respondent about these issues, he was told that he was no longer an hourly employee but a salaried employee. Despite this, Charging Party was made to clock in and out for work like an hourly employee and was subjected to increased scrutiny and criticism. As a result of the increasingly hostile work environment and retaliatory treatment, Charging Party alleged he was constructively discharged on November 22, 2019.

Respondent denies that Charging Party was discriminated against because of race or retaliated against based on complaints of discrimination. Respondent avers Charging Party never complained about any alleged harassment. Regarding the wage issue, Respondent, alleges Charging Party's offer letter was incorrect, leading him to believe he was an hourly employee.

Witness testimony verifies Charging Party's allegations of a hostile work environment based on race. More than one witness verifies a work environment where the CEO of the company, Judith Yanacek, constantly assumed Charging Party could do Hawaiian things, attributed alleged shortcomings with Charging Party being Hawaiian, referred to Charging Party as "that fat Hawaiian chef" and repeatedly asked Charging Party to "make white people food." The evidence

shows that Charging Party's good faith complaints of discrimination went unremedied and he was retaliated against by being offered disparate terms and conditions of employment until he was constructively discharged.

Based on an analysis of the evidence, I find that there is probable cause to believe that Respondent discriminated against Charging Party by subjecting him to harassment and increased scrutiny based on race and in retaliation for complaints of discrimination. Based on an analysis of the evidence, I make no finding regarding Charging Party's wage issue being based on a protected class. Based on an analysis of the evidence, I find there is probable cause to believe Charging Party was constructively discharged after Respondent failed to correct the discrimination and harassment that was happening from CEO Judith Yanecek.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. In this regard, conciliation of this matter has begun.  Ultimately, any conciliation agreement must be acceptable to the Commission.  Forthcoming separately is a proposed conciliation agreement designed to remedy the unlawful employment practices found to have occurred in this Letter of Determination.  Respondent is invited to respond to this proposal within 14 days of receipt.

If the Respondent fails to engage in conciliation or when, for any other reason, EEOC determines in its discretion that further efforts to conciliate would be futile and/or that the Commission is or will be unable to secure an agreement acceptable to the Commission, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

On Behalf of the Commission,

\_\_6/24/2022\_\_\_\_\_
Date

Karen McDonough
Enforcement Manager
Philadelphia District Office